UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF TEXAS

CHRISTOPHER GAMBOA, )
)
    Plaintiff, )
)
v. ) **Case No.: 1:13-cv-00058**
)
GC SERVICES, LP, ) **COMPLAINT AND DEMAND FOR**
) **JURY TRIAL**
    Defendant. )
) **(Unlawful Debt Collection Practices)**
)

CHRISTOPHER GAMBOA, ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against GC SERVICES, LP ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act ("TCPA").

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and is located in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Kileen, Texas 76549.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 6330 Gulfton Drive, Houston, Texas 77081.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11. The debt arose out of transactions that were primarily for personal, family, or household purposes.

12. The debt could have only been personal in nature, as Plaintiff owes no business debt.

13. Between January and March 2012, Defendant placed continuous harassing telephone calls to Plaintiff's work, house, and cellular telephones.

14. Defendant's harassing collection calls originated from numbers including, but not limited to (713) 777-2500. The undersigned has confirmed that this number belongs to Defendant.

15. Plaintiff has received voice messages from Defendant's collectors, including

"Chris" wherein the caller did not state he or she was a debt collector, or identify the company from which they are calling.

16. Plaintiff has also received computer-generated messages on his cell phone stating, "this message is for Christopher Gamboa, if you are not Christopher Gamboa, please hang up."

17. During this time, Plaintiff received, on average, one to three calls a day from Defendant

18. Defendant's collectors have even called Plaintiff's place of employment and spoke with his supervisor, disclosing that he owed a debt. This was personally humiliating, upsetting and embarrassing to Plaintiff.

19. Defendant was told to stop calling the workplace because such calls were not permitted. However, Defendant ignored this information and continued to place calls to the workplace.

20. Defendant's continued calls to the supervisor caused Plaintiff apprehension and fear with regard to his job security, and caused him anxiety and humiliation in the workplace, undermining his untarnished reputation within the company.

21. Defendant's collectors also spoke with Plaintiff's mother and his mother's neighbor about the subject debt, specifically seeking personal, non-location, information about Plaintiff. These contacts caused further humiliation and embarrassment.

22. Defendant's disclosure and communications with third parties has been extremely stressful to Plaintiff, as he did not want his financial issues to be the subject of discussion with his supervisor, family and family neighbors.

23. Upon information and belief, Defendants used an automatic telephone dialing system or pre-recorded or artificial voice.

24. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendants' placement of the calls.

25. Defendant's telephone calls were not placed for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

26. Defendant failed to send anything in writing to Plaintiff setting forth his rights pursuant to the FDCPA to dispute this alleged debt, or seek verification of the debt.

27. Upon information and belief, Defendant attempted to collect the alleged debt means of embarrassment, and unauthorized disclosure to third parties, intending to coerce payment from Plaintiff to avoid more of the same.

**COUNT I**
**DEFENDANT VIOLATED THE § 1692b(2) OF**
**FAIR DEBT COLLECTION PRACTICES ACT**

28. Section 1692b(2) of the FDCPA states that a debt collector shall not state that a consumer owes a debt to a third party.

29. Defendant violated § 1692b(2) of the FDCPA when it discussed Plaintiff's debt with his supervisor, mother and his mother's neighbor.

**COUNT II**
**DEFENDANT VIOLATED THE § 1692c(a)(3) OF**
**FAIR DEBT COLLECTION PRACTICES ACT**

30. Section 1692c(a)(3) of the FDCPA states that a debt collector shall not place calls to a consumer's place of employment if the debt collector knows that such calls are prohibited.

31. Defendant violated § 1692c(a)(3) of the FDCPA when it contacted Plaintiff's

place of employment even after it knew that such calls were prohibited.

## COUNT III
### DEFENDANT VIOLATED THE § 1692c(b) OF FAIR DEBT COLLECTION PRACTICES ACT

32. Section 1692c(b) of the FDCPA states that a debt collector shall not state that a consumer owes a debt to a third party except for reasons expressly given under § 1692(b) without the prior consent of the consumer.

33. Defendant violated § 1692c(b) of the FDCPA when it discussed Plaintiff's debt with his boss, mother and mother's neighbor without Plaintiff's consent.

## COUNT IV
### DEFENDANT VIOLATED § 1692d OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

35. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it discussed Plaintiff's debt with his employer, Plaintiff's mother, and Plaintiff's mother's neighbor, and when it engaged in other harassing or abusive conduct.

## COUNT V
### DEFENDANT VIOLATED § 1692d(5) OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a

5

PLAINTIFF'S COMPLAINT

telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

37.     Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

### COUNT VI
### DEFENDANT VIOLATED § 1692e OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

38.     Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

39.     Defendant violated § 1692e of the FDCPA when it was deceptive in failing to provide Plaintiff with information concerning where they were calling from or indicating that they were a debt collector, and when it made other false, deceptive or misleading representations.

### COUNT VII
### DEFENDANT VIOLATED § 1692e(10) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

40.     Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

41.     Defendant violated § 1692e(10) of the FDCPA when it was deceptive in failing to provide Plaintiff with information concerning where they were calling from or indicating that they were a debt collector, and when it made other false, deceptive or misleading representations.

### COUNT VIII
### DEFENDANT VIOLATED § 1692g(a) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

42. Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt and the name of the creditor to whom the debt is owed.

43. Defendant violated § 1692g(a) of the FDCPA when it failed to send the Plaintiff any written notice containing the amount of the debt, and the name of the creditor to whom the debt was owed.

## COUNT IX
## DEFENDANT VIOLATED THE TELEPHONE
## CONSUMER PROTECTION ACT ("TCPA")

44. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

45. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

46. Upon information and belief, Defendant's calls to Plaintiff's cellular telephone were initiated through the use of an automatic dialer.

47. Despite the fact that Plaintiff never explicitly or impliedly consented to Defendant making calls to his cell phone, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone without such consent.

48. The Act authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

49. Defendant repeatedly and regularly placed non-emergency calls to Plaintiff on his cellular phone.

50. Defendant has called Plaintiff, on average, one to three times per day between January and March 2012..

51. Defendant did not have Plaintiff's express or implied consent to place any calls to Plaintiff's cellular phone.

52. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a cellular telephone for non-emergency purposes, without the prior express consent of the called party, unless the call is initiated for emergency purposes.

WHEREFORE, Plaintiff, CHRISTOPHER GAMBOA, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);
d. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B); and
e. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff CHRISTOPHER GAMBOA, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 01/23/13                KIMMEL & SILVERMAN, P.C.

By: s/ Amy L. Bennecoff
    Amy L. Bennecoff, Esq.
    Kimmel & Silverman, P.C.
    30 E. Butler Avenue
    Ambler, PA 19002
    Tel: 215-540-8888
    Fax: 215-540-8817
    abennecoff@creditlaw.com

Attorney for the Plaintiff

PLAINTIFF'S COMPLAINT